# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-30691

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2018

Lyle W. Cayce
Clerk

VERITEXT CORPORATION,

Plaintiff - Appellant

v.

PAUL A. BONIN, in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; VINCENT P. BORRELLO, JR., individually and in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; MILTON DONEGAN, JR., individually and in their official capacity as Member of the Louisiana Board of Examiners of Certified Court Reporters; SUZETTE MAGEE, individually and in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; KIMYA M. HOLMES, in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; JOHN H. ANDERSSEN, individually and in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; MAY F. DUNN, individually and in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; ELIZABETH C. METHVIN, individually and in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters; LAURA PUTNAM, in their official capacity as a Member of the Louisiana Board of Examiners of Certified Court Reporters,

Defendants - Appellees

———————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————

No. 17-30691

Before KING, SOUTHWICK, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

The Louisiana Board of Examiners of Certified Shorthand Reporters enforces Louisiana law regarding the relationship of court reporters to litigants. This law provides, in relevant part, that "deposition[s] shall be taken before an officer authorized to administer oaths, who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case." La. Code Civ. Proc. Ann. art. 1434(A)(1). The law further provides that "an employee includes a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services and also includes a person employed part or full time under contract or otherwise by a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services." La. Code Civ. Proc. Ann. art. 1434(A)(2).

In 2012, the Board began enforcing Article 1434 more aggressively, declaring that the law prohibits all contracts between court reporters and party litigants, including volume-based discounts and concessions to frequent customers. Veritext, a national private court reporting service regulated by the Board and doing business in Louisiana, filed suit.

Veritext alleges, in sum, that these regulatory efforts reflect nothing more than rent-seeking. As Veritext sees it, local providers are simply harnessing the regulatory power of the state to prevent competition from national and regional court reporting firms, and thereby increase business opportunities and raise prices for freelance court reporters.

To vindicate its concerns, Veritext brought a variety of constitutional claims—substantive due process, equal protection, and the Dormant Commerce Clause—as well as a claim under the Sherman Act. The district court dismissed the constitutional claims, and subsequently dismissed the

2

No. 17-30691

Sherman Act claim on reconsideration. *Veritext Corp. v. Bonin*, 259 F. Supp. 3d 484, 488 (E.D. La. 2017), *on reconsideration*, 2017 WL 3279464 (E.D. La. Aug. 2, 2017). Veritext appeals on all these grounds.

We conclude that none of the constitutional claims presented by Veritext have merit, but that the Sherman Act claim should proceed on remand.

I.

The district court was correct to dismiss all of the constitutional claims brought by Veritext as a matter of Supreme Court precedent.

Veritext argues that the Board's 2012 decision to ban volume-based discounts and concessions to frequent customers lacks a rational basis, and thereby violates both substantive due process and equal protection under established precedent. The Board responds that these regulatory efforts further the State's legitimate government interest in ensuring and protecting the integrity of legal proceedings. As the Board explains, "[c]ommon sense dictates that court reporters might be more inclined to alter a deposition transcript in favor of party litigants that provide them with long-term financial benefits."

This rationale may find a skeptical audience in certain quarters. But it is legally sufficient to support the Board's action under rational basis review. As the Supreme Court has long recognized, "[a] classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) (citation and quotations omitted). This is an expansive standard, and the Board's stated goal of protecting against "any appearance of impropriety or bias on the court reporter's behalf" meets it. *Veritext Corp.*, 259 F. Supp. 3d at 490.

A similar analysis applies to Veritext's Dormant Commerce Clause argument. "When . . . a statute has only indirect effects on interstate commerce

and regulates evenhandedly," we consider "whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits." *Brown-Forman Distillers Corp. v. New York State Liquor Auth.*, 476 U.S. 573, 579 (1986). Here, as previously stated, Louisiana's interest in the integrity of its court reporting system is legally sufficient. And Veritext has failed to clearly identify a burden on interstate commerce imposed by the Board's enforcement of Article 1434 that exceeds its local benefits. Veritext's Dormant Commerce Clause claim therefore fails as well.

## II.

Although we agree that the constitutional claims lack merit, we remand this case so that Veritext can proceed on its Sherman Act claim.

To prevail under the Sherman Act, Veritext must show a contract, combination, or conspiracy that imposed an unreasonable restraint on trade. *Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 189 (2010). "When reviewing a summary judgment, we construe all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, LLC*, 850 F.3d 742, 745 (5th Cir. 2017).

Veritext pled facts sufficient to support a finding that the Board's conduct does indeed restrain trade. Among other allegations, Veritext argued that the Board is composed of active market participants who "are highly engaged in setting the agenda of the Board and its committees and in directing the Board's business," who actively sought to "discourage a perceived trend of freelance court reporters leaving the profession," and who took regulatory actions calculated to "deter[] and delay[] entry by national and regional court reporting firms." On the record before us, we agree with the district court that Veritext has alleged facts sufficient to make out a prima facie Sherman Act claim.

This raises the question of immunity.  As the district court noted, "anti-competitive conduct by a state is generally immune from federal antitrust law." *Veritext Corp.*, 259 F. Supp. 3d at 492.  *See also Parker v. Brown*, 317 U.S. 341, 351 (1943) ("The Sherman Act makes no mention of the state as such, and gives no hint that it was intended to restrain state action or official action directed by a state.").

However, this immunity is not absolute.  For the Board to enjoy *Parker* immunity under the Sherman Act, it must satisfy "two requirements: first that 'the challenged restraint . . . be one clearly articulated and affirmatively expressed as state policy,' and second that 'the policy . . . be actively supervised by the State.'"  *N. Carolina State Bd. of Dental Examiners v. FTC*, 135 S. Ct. 1101, 1110 (2015) (citation omitted).

The Board satisfies the first requirement:  Its ban on private court reporting arrangements is clearly articulated, as Article 1434 does indeed bar contracts between private court reporting services and party litigants.   But the Board fails under the second requirement of active state supervision.

"[T]he active state supervision requirement [is] necessary to prevent a State from circumventing the Sherman Act's proscriptions 'by casting . . . a gauzy cloak of state involvement over what is essentially a private price-fixing arrangement.'"  *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 46–47 (1985) (quoting *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 106 (1980)).  Active supervision might include "establish[ing] prices [and] review[ing] the reasonableness of the price schedules," "regulat[ing] the terms of fair trade contracts," "monitor[ing] market conditions," and "engag[ing] in 'pointed reexamination' of the program."  *Midcal*, 445 U.S. at 105–06 (citation omitted).  And while any such inquiry will necessarily turn on the circumstances of a particular case, *Dental Examiners* made clear that "active supervision" must entail "review [of] the substance of the

anticompetitive decision, not merely the procedures followed to produce it," and "the power to veto or modify particular decisions to ensure they accord with state policy." 135 S. Ct. at 1116.

We find that Veritext has pled facts sufficient to support a finding that the active supervision requirement is not met in this case. Nothing in the record indicates that elected or appointed officials oversaw or reviewed the Board's decisions or modified the Board's enforcement priorities. And the Board's argument on this point—that the legislature can amend the law in this area or veto proposed rules under Louisiana's Administrative Procedure Act—is unconvincing. State legislatures *always* possess the power to change the law. Active supervision requires more than the bare possibility that controlling law might be changed—the "mere potential for state supervision" that *Dental Examiners* expressly identified as insufficient. 135 S. Ct. at 1116. Adoption of the Board's logic would effectively nullify the requirement of active state supervision under *Dental Examiners*.

The Board alternatively contends that the active supervision requirement does not apply here for two reasons: first, because Veritext has not pled sufficient facts to show that the Board's members are active market participants; and second, because the Board does not advance private interests by enforcing the terms of state law.

These arguments are unavailing. To begin with, Louisiana law requires that six of the Board's nine members be "certified shorthand reporter[s]"—the very individuals most likely to be impacted by Veritext's involvement in the market. La. Rev. Stat. § 37:2551(B)(1). The Board attempts to differentiate "freelance" and "official" court reporters, but the boundary between these categories is porous: an individual serving as an official court reporter may readily go freelance if he so chooses. It is sufficiently clear from the record that the members of the Board qualify as active market participants. And it strains

credulity to regard the Board's conduct as strictly public-minded, in light of its decision to convene a meeting that included "How to increase rates?" as one of its agenda items. *Veritext Corp.*, 259 F. Supp. 3d at 492.

In sum, the district court was correct the first time when it observed that Veritext alleged sufficient facts that "the board's actions do not resemble a municipality under active supervision but instead represent an unbridled regulatory environment." *Veritext Corp.*, 259 F. Supp. 3d at 493. Because Veritext has pled facts sufficient to support a finding that the active supervision requirement of *Midcal* and *Dental Examiners* is not satisfied here, the district court erred in granting summary judgment to the Board on Veritext's Sherman Act claim.

## III.

We affirm the district court's dismissal of Veritext's constitutional claims. We reverse the district court's dismissal of Veritext's Sherman Act claim and remand for further proceedings.